IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KERMIT ZEIG, et al.                    :

                                       :

     v.                                : Misc. No. 2006-0081

                                       :

RICHARD S. BASILE                      :

                                       :

**MEMORANDUM OPINION**

Pending before the court is a Motion to Compel Production of
Documents filed by Kermit Zeig and Christopher Associates.
Petitioners are plaintiffs in a case pending in the Circuit Court
for Prince George's County.  They seek access to certain personnel
and payroll records of a federal employee which are protected by
the Privacy Act, 5 U.S.C. § 552a.  The court concludes that they
have made a showing of need for the records, which are specified in
a subpoena served on the custodian of records.

The Government has responded to the motion, taking no position
on whether the records should be disclosed, but requesting that any
disclosure be pursuant to a protective order.  Petitioners do not
object to the terms as proposed.

Neither Defendant in the state court action nor the employee
whose records are sought has appeared in this court, although both
have had notice of the pendency of the motion to compel.
Petitioners were unable to obtain the employee's consent to
disclosure of the records, although they obtained some limited
information directly from him.

The court concludes that the need for disclosure outweighs any potential harm to the employee, subject to the terms of the proposed protective order. *See, Lohrenz v. Donnelly*, 187 F.R.D. 1, 8 (D.D.C. 1999)(*citing Laxalt v. McClatchy*, 809 F.2d 885 (D.C. Cir. 1987)). The subpoena seeks "any and all payroll and employment records" of the employee, but the motion states that only "payroll records, including annual base salary and overtime pay from January 2001 to present" are being sought. There is no justification for disclosure of employment records beyond the salary and overtime pay records specified in the motion. Those records are directly relevant to Petitioners' claims pending in state court and no easy or less burdensome alternative to obtain the information appears to exist. The protective order proposed by the government provides for a certain amount of confidentiality appropriate under the circumstances.

Accordingly, the court will enter the order as proposed by the government, with the amendment that only payroll records, including annual base salary and overtime pay from January 2001 to present, be produced.

                                                                      _____/s/_____

                                                           DEBORAH K. CHASANOW
                                                           United States District Judge

2